[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13434
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:11-cr-60020-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SEDLOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 26, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Sedlock appeals his twenty-four-month sentence following a guilty

plea to possession with intent to distribute 100 or more marijuana plants, in

violation of 21 U.S.C. § 841(a) and (b)(1)(B)(vii). On appeal, he argues that his sentence was procedurally unreasonable because the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors, disregarded his arguments in favor of leniency and a sentence below the advisory Guidelines range, and failed to adequately explain the chosen sentence.[1]

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence has the burden of establishing that the sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the Guidelines range. Gall, 552 U.S. at 51, 128 S. Ct. at 597. We also ensure that the district court treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. Id.

"[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss

---

[1] Sedlock maintains that he is only challenging his sentence on procedural grounds. He nevertheless suggests that the district court placed unjustified reliance upon two § 3553(a) factors, the advisory Guidelines range and the seriousness of the offense, and that this is a symptom of an unreasonable sentence. In any event, on this record, we cannot say that the imposition of a low-end sentence of twenty-four months was substantively unreasonable.

2

each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The court's statement that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. Id. at 1330; Talley, 431 F.3d at 786. Moreover, although "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," the appropriateness of brevity or length of a district court's reasons for accepting or rejecting an argument depends upon the circumstances and leaves much to the court's own professional judgment. See Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). Where the context and the record make clear that the sentencing judge listened to each argument and found the circumstances insufficient to warrant a sentence lower than the Guidelines range, extensive explanation is not required. Id. at 358-59, 127 S. Ct. at 2469; see also United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) (explaining failure to specifically analyze or discuss mitigating evidence under § 3553(a) does not necessarily "mean[] that the court erroneously 'ignored' or failed to consider this evidence in determining [the defendant's] sentence").

Here, the record demonstrates that the court adequately considered the § 3553(a) sentencing factors and adequately explained its sentence.[2]  Sedlock's counsel argued that the statutory factors regarding the seriousness of his offense, his age, his lack of any criminal history, and his low likelihood of recidivism weighed in favor of a below Guidelines range sentence.  Subsequently, in explaining its sentence, the court stated that it had considered the advisory Guidelines and the § 3553(a) factors, which alone is sufficient, and explicitly acknowledged that it had considered the parties' arguments at sentencing.  Further, in concluding that a downward variance was not warranted, the district judge specifically rejected Sedlock's position with respect to the seriousness of the offense, exploring the length of Sedlock's involvement in the growing operation and discussing the fact that he had been growing marijuana as a for-profit business rather than for personal use.  More extensive explanation was not required here, as the context and record make clear that the court listened to each argument and found the circumstances insufficient to warrant a below Guidelines range sentence.  Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**[3]

---

[2]  It is undisputed that the district court properly calculated Sedlock's Guidelines range, treated the Guidelines as advisory, and based the sentence on undisputed facts set forth in the presentence investigation report.

[3]  Sedlock's request for oral argument is DENIED.